**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4075

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OCTAVIUS MYRON JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Michael F. Urbanski, Senior District Judge.  (1:23-cr-00005-MFU-1)

Submitted:  April 8, 2025                    Decided:  April 28, 2025

Before GREGORY, AGEE, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mary Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Octavius Myron Johnson of possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a). The district court sentenced Johnson to 120 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Johnson first challenges the district court's denial of his motion to suppress evidence seized from the search of his residence, arguing that the affidavit in support of the warrant lacked probable cause to believe that Johnson lived at the residence. "When examining the denial of a motion to suppress, we review[] the district court's legal determinations de novo and its factual conclusions for clear error." *United States v. Runner*, 43 F.4th 417, 421 (4th Cir. 2022) (internal quotation marks omitted), *cert. denied*, No. 22-5996, 2022 WL 17573516 (U.S. Dec. 12, 2022). "In conducting this review, [we] evaluate[] the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted). This court "give[s] due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016) (internal quotation marks omitted).

"When examining a warrant application, a judicial officer must make a 'common-sense' determination whether the application shows a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Jones*, 942 F.3d 634, 638 (4th Cir. 2019) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). We "afford that probable cause determination great deference, and ask only whether the judicial officer had a substantial basis for finding probable cause." *Id.* (internal

2

quotation marks omitted).   "Probable cause has long been understood to encompass circumstances that, while less than a preponderance, warrant suspicion." *United States v. Orozco*, 41 F.4th 403, 407 (4th Cir. 2022) (internal quotation marks omitted).   "Probable cause is thus not a high bar." *Id.* at 408 (internal quotation marks omitted).

"In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993).   The affidavit "need only supply enough facts for a neutral [judge], who may make reasonable inferences to fill in any logical gaps, to find the required nexus." *Orozco*, 41 F.4th at 410; *see Lalor*, 996 F.2d at 1582 ("[P]robable cause can be inferred from the circumstances, and a warrant is not invalid for failure to produce direct evidence that the items to be seized will be found at a particular location.").

Moreover, while the "exclusionary rule ordinarily provides that evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure," there is a good faith exception to that rule. *United States v. Thomas*, 908 F.3d 68, 72 (4th Cir. 2018) (internal quotation marks omitted). Under the good faith exception, "evidence obtained by an officer who acts in objectively reasonable reliance on a search warrant will not be suppressed, even if the warrant is later deemed invalid." *Id.* "Typically, an officer's reliance on a magistrate's decision to issue a warrant will be deemed objectively reasonable." *Id.* (internal quotation marks omitted). "[W]hen a supporting affidavit is so lacking in indicia of probable cause as to render

3

official belief in its existence entirely unreasonable," however, "an officer cannot be found to have reasonably relied on the resulting warrant." *Id.* (internal quotation marks omitted).

Here, the affidavit detailed the investigating officer's efforts to determine Johnson's address after a cooperating informant provided authorities with Johnson's cellular phone number and information regarding his drug dealing activities. The district court concluded that the affidavit provided sufficient information to establish probable cause that Johnson lived at the residence specified in the affidavit. The court further concluded, however, that even if the affidavit did not establish such probable cause, the officers relied in good faith on the validity of the warrant. We agree. The affidavit described the officer's tracing of Johnson's cell phone to the address of a relative, along with the officer's conclusion that Johnson did not live at that address, but that his known address was at a location nearby, and that information was confirmed by local law enforcement. Even if this did not provide sufficient probable cause that Johnson lived at the address for which the warrant was secured, the officers reasonably relied on the validity of the warrant in conducting the search.

Johnson next challenges the district court's admission of text message exchanges between Johnson and the informant, arguing that the informant's statements were inadmissible hearsay and their admission violated the Confrontation Clause. We "review a trial court's ruling on the admissibility of evidence for abuse of discretion" and "will overturn an evidentiary ruling only if it is arbitrary and irrational." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021). Evidentiary errors are subject to harmless error review. *Id.* at 561. "An error is harmless when [we] can say with fair assurance, after pondering

4

all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the errors." *Wickersham v. Ford Motor Co.*, 997 F.3d 526, 531 (4th Cir. 2021) (internal quotation marks omitted).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(a). An out-of-court statement by a defendant may be admitted as a statement of a party opponent under Fed. R. Evid. 801(d)(2)(A). Where a defendant's own statements are admissible under Rule 801(d)(2), other statements that otherwise may be inadmissible, may also be admitted if they are "reasonably required" to place the defendant's statements into context. *United States v. Wills*, 346 F.3d 476, 490 (4th Cir. 2003) (finding transcripts of recorded telephone conversations between defendant and his brother could be admitted, despite the brother's statements being hearsay, because they provided context to the defendant's own statements).

In addition, the Confrontation Clause "applies only to testimonial hearsay," *Smith v. Arizona*, 602 U.S. 779, 784 (2024), and it "bars the admission of 'testimonial' statements of a witness who did not appear at trial unless [s]he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination,'" *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). "Evidence implicates the Confrontation Clause only if it constitutes a testimonial statement—that is, a statement made with a primary purpose of creating an out-of-court substitute for trial testimony." *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015) (internal quotation marks omitted). Statements are testimonial if they are the functional

5

equivalent of in-court testimony, *Crawford,* 541 U.S. at 51-52, and courts determine the testimonial nature of statements by analyzing whether the declarant "would have expected [her] statements to be used at trial," *Dargan*, 738 F.3d at 650 (internal quotation marks omitted).

Johnson did not raise a Confrontation Clause objection before the district court. "A hearsay objection at trial cannot be understood to include a Confrontation Clause objection." *United States v. Keita*, 742 F.3d 184, 189 (4th Cir. 2014) (internal quotation marks omitted). While "we generally review the district court's evidentiary rulings for abuse of discretion, when a defendant fails to make a specific and timely objection at trial, our review is restricted to plain error." *Id.* "To prevail under the plain error standard, the defendant must show there was an error, the error was plain, and the error affected the defendant's substantial rights." *Id.* (cleaned up). Moreover, this Court will not correct a plain error unless it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings, or the defendant is actually innocent." *Id.* (cleaned up).

We have reviewed the record and conclude that as to Johnson's hearsay claim, the district court did not abuse its discretion in admitting the informant's statements in the text message exchanges to provide context to Johnson's statements in those messages. Moreover, given the overwhelming evidence of Johnson's guilt the Government presented at trial, any such error would have been harmless. In addition, Johnson has failed to demonstrate that the court plainly erred in admitting the statements under the Confrontation Clause.

6

Finally, Johnson challenges the testimony of the Government's expert witness. Johnson argues that the court erred in allowing an investigator, who testified as both a fact witness and an expert witness, to conflate those testimonies at trial. Johnson also argues that the witness testified beyond the scope of his expertise when testifying as an expert witness regarding the meaning of coded drug language in text messages.

We review a district court's decision to admit expert testimony for abuse of discretion. *See United States v. Garcia*, 752 F.3d 382, 390 (4th Cir. 2014). However, when the defendant fails to object, we review only for plain error. *United States v. Walker*, 32 F.4th 377, 394 (4th Cir. 2022) (cleaned up). Under Fed. R. Evid. 702, expert testimony is permitted if it "is (1) helpful to the jury in understanding the evidence or determining a fact at issue, (2) based on sufficient facts or data, (3) the product of reliable principles and methods, and (4) the product of a reliable application of those principles and methods to the facts of the case." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (cleaned up). "[D]ual-role testimony—like all testimony—requires a determination of whether 'its probative value is substantially outweighed' by the risk of unfair prejudice or jury confusion." *United States v. Smith*, 919 F.3d 825, 837 (4th Cir. 2019) (quoting Fed. R. Evid. 403)). "To maintain this Rule 403 balance, district courts must be vigilant to avoid the danger of confusing the jury when a [police officer] testifies as an expert" and as a fact witness. *Id*. "[E]xamples of safeguards the district court may employ" include "requiring the witness to testify at different times, in each capacity[,]" and "giving a cautionary instruction to the jury regarding the basis of the testimony." *Id*. (internal quotation marks omitted).

7

Here, Johnson objected to the testimony regarding the coded drug language, but did not object to any of the witness's other testimony. Therefore, we review these claims in part for abuse of discretion and in part for plain error. Our review of the record leads us to conclude that the district court did not abuse its discretion or plainly err. With respect to the investigator's dual role testimony, the court provided appropriate safeguards to ensure that the jury would not be confused, explaining to the jury the difference between the testimonies before the witness testified as an expert and then after the witness switched back to fact testimony. Moreover, the witness's testimony regarding the drug code words was within the scope of the Government's expert disclosure and within the scope of the witness's expertise. *See United States v. Wilson*, 484 F.3d 267, 275 (4th Cir. 2007) ("[C]ourts of appeals have routinely held that law enforcement officers with extensive drug experience are qualified to give expert testimony on the meaning of drug-related code words."). Thus, we conclude that the district court did not err with respect to this testimony.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*